**Bryan REAL, an Illinois Citizen, Plaintiff,**

v.

**BUNN–O–MATIC CORPORATION, a Delaware Corporation, Defendant.**

**No. 99 C 3751.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 8, 2000.

Paul G. Juettner, Greer, Burns & Crain, Ltd., Chicago, Steven L. Underwood, Randall G. Litton, Price, Henelveld, Cooper, Dewitt & Litton, Grand Rapids, MI, for Real.

Grant H. Peters, Thomas J. Donovan, Barnes & Thornburg, David J. Marr, James A. O'Malley, Trexler, Bushnell, Giangiorgi & Blackstone, Ltd., Chicago, IL, for Bunn–O–Matic.

## MEMORANDUM OPINION AND ORDER

MORTON DENLOW, United States Magistrate Judge.

This matter comes before the Court on Defendant Bunn–O–Matic Corporation's ("Defendant" or "Bunn–O–Matic") motion for summary judgment on Plaintiff Bryan Real's ("Plaintiff" or "Real") patent infringement claim. Bunn–O–Matic argues that Real's patent is invalid as a matter of law for failure to satisfy the enablement requirement of 35 U.S.C. § 112, ¶ 1. Real contends that Bunn–O–Matic's motion for summary judgment should be denied because there are genuine issues of material fact for trial. During the oral argument on October 26, 2000, the Court expressed its view that it agrees with Plaintiff. This opinion provides a detailed explanation of the Court's reasoning. Specifically, the Court finds that genuine issues of fact exist as to whether Real's patent is written such that one of ordinary skill in the art could make and use the invention without undue experimentation.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered ... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie,* 526 U.S. 541, 552, 119 S.Ct. 1545, 1552, 143 L.Ed.2d 731 (1999) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986)). Similarly, "[s]ummary judgment in favor of the party with the burden of persuasion ... is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt,* 526 U.S. at 553, 119 S.Ct. at 1552. Such "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions.'" *Id.,* 526 U.S. at 552, 119 S.Ct. at 1552 (quoting *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513).

To avert summary judgment, however, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). For a genuine dispute about a material fact to exist the evidence must be such that a jury could reasonably return a verdict for the nonmovant. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

## II. BACKGROUND

Real is the owner of U.S. Patent No. 4,488,664 (" '664 patent"). The patent in question, entitled "Beverage Dispensing

Machine," was issued to inventor Robert K. Cleland on December 18, 1984, and later assigned to Real on April 1, 1999. This suit was filed on June 4, 1999. Real alleges that Bunn–O–Matic willfully and deliberately infringed upon the '664 patent in violation of 35 U.S.C. § 271(a), (b), and (c).

The '664 patent relates to an attachment unit that sits atop the tank of a non-carbonated beverage dispensing machine, such as self-serve models found in convenience stores. The unit mixes powdered concentrate and water, delivers the mixture into the tank when the liquid level reaches a predetermined low level, and continues to fill the tank until the liquid level reaches a predetermined high level. Thus, the invention avoids the need for pre-mixing the beverage in a separate container and manually filling the tank when an attendant notices the beverage level is low.

The Court conducted a *Markman* hearing on May 24, 2000, and issued an opinion on June 13, 2000, construing Claim 1 in the '664 patent. *Real v. Bunn–O–Matic Corp.*, 100 F.Supp.2d 844 (N.D.Ill.2000). In its *Markman Order* the Court answered "yes" or "no" to nine specific claim construction questions about which the parties disagreed, two regarding the flange and seven having to do with the liquid level sensing device. The Court also issued an opinion on August 24, 2000, denying Defendant's motion under Rule 42(b) of the Federal Rules of Civil Procedure to bifurcate the trial on issues of liability from the issue of damages. *Real v. Bunn–O–Matic Corp.*, 195 F.R.D. 618 (N.D.Ill. 2000).

## III. THE ENABLEMENT ISSUE

Bunn–O–Matic now moves for summary judgment on grounds that Claims 1–9 of the '664 patent are invalid as a matter of law under the enablement requirement of 35 U.S.C. § 112, ¶ 1, which provides:

The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, . . .

35 U.S.C. § 112, ¶ 1.

## A. BUNN–O–MATIC'S POSITION

Bunn–O–Matic contends the construction of Claim 1 of the '664 patent, as interpreted by the Court in its *Markman Order*, provides for an "attachment unit" that operates in response to four different liquid levels. Specifically, Bunn–O–Matic argues Claim 1 identifies a "predetermined high," a "high," a "predetermined low," and a "low" liquid level as each being separate and distinct. Defendant also contends that the claimed invention must be capable of controlling all four liquid levels using "a single liquid level sensing device with a single switch" but fails to explain how a single switch can be used to achieve this. Bunn–O–Matic argues the specification thus fails to teach one of ordinary skill in the art how to make and use the claimed "attachment unit" without undue experimentation, making Claims 1–9 nonenabling and invalid as a matter of law.

In support, Bunn–O–Matic relies on the sworn statement of John T. Knepler ("Knepler"), the Chief Engineer of Bunn–O–Matic. After reviewing the patent specification and drawings, Knepler concludes that the specification is nonenabling because it teaches that the claimed invention operates in response to a single high and a single low liquid level, but fails to teach one of ordinary skill in the art how to make and use the claimed invention with more than two liquid levels and only a single switching device. (Knepler Decl.) In Knepler's opinion the specification would not teach one of ordinary skill in the art how to make and use the claimed invention using a single switching device when the "high liquid level" is higher or lower than the "predetermined high liquid level" and/or when the "low liquid level" is higher or lower than the "predetermined low liquid level." (Knepler Decl.)

## B. REAL'S POSITION

In response, Real argues contested issues of fact exist as to "whether it would be within the skill in the art to adjust liquid levels up and down, to substitute one known type of switching device for another, and to manually adjust liquid levels using the manual fill button disclosed in the patent specification." (P. Memo in Opp., pg. 2.) Additional issues of fact are alleged as to "whether a single switch is disclosed in the specification (e.g., the float switch) and/or is within the skill of the art (e.g., the Popinski switch), and whether such a switch will operate as called for in the claim." (P. Memo in Opp., pg. 2.)

Plaintiff relies on the sworn declaration of Benjamin D. Miller ("Miller"), the principal of B. Miller Engineering. Not surprisingly, Miller has a different opinion than Knepler as to whether Claim 1 satisfies the enablement requirement. After reviewing the drawings, specification, claims, prosecution history and this Court's *Markman Order*, Miller states "[t]he specification of the '664 patent expressly teaches that the claimed invention can operate in response to a high liquid level, a low liquid level, and any other level there between." (Miller Decl., ¶¶ 6–12.) Miller is of the opinion that "[t]he term 'predetermined liquid level' appearing in the preamble to Claim 1 would be known to those having skill in the art as merely the conceptual environment within which the unit is to normally cyclically operate." (Miller Decl. ¶ 62.) Miller concludes that "[t]he '664 patent fully enables" and that "a functional attachment unit as claimed can readily be built from the disclosure of the specification." (Miller Decl. ¶ 73.)

## C. FACT QUESTIONS EXIST

■ While "[i]nvalidity for lack of enablement is a conclusion of law" it "must be *supported by facts proved by clear and convincing evidence*, for the grant of the patent by the [U.S. Patent and Trademark Office] carries with it the presumption of validity including compliance with § 112." [emphasis added]. *Northern Telecom Inc. v. Datapoint Corp.*, 908 F.2d 931, 941

(Fed.Cir.1990). Thus, a ruling on the issue of enablement requires underlying factual determinations as to "whether a person skilled in the pertinent art, using the knowledge available to such a person and the disclosure in the patent document, could make and use the invention without undue experimentation." *Id.* at 941.

Determining the level of ordinary skill in the art at the time the invention was made is itself a fact question that must be resolved. *Abbott Laboratories v. Diamedix Corp.*, 969 F.Supp. 1064, 1070, (N.D.Ill. 1997) (citing *Ryko Manuf.v. Nu–Star, Inc.*, 950 F.2d 714, 718 (Fed.Cir.1991)). In *Abbott Laboratories* the court denied summary judgment in an action to invalidate two patents because it found genuine issues of material fact existed as to the issue of enablement. *Abbott Laboratories*, 969 F.Supp. at 1069. Specifically, the court in *Abbott* found that determining "who was the person of ordinary skill in the art in the mid-to-early 1970's" as well as "what procedures were known by those persons of ordinary skill" presented "two primary questions of fact" that prevented the court from deciding the issue. *Id.* The *Abbott* court also noted that "whether Abbott's expert engaged in 'undue experimentation' cannot be determined until the person of ordinary skill is defined and further factual issues are resolved, such as the amount of time necessary to conduct experiments in the field of art and the difficulties encountered in such experimentation." *Id.* at 1070.

■ Experimentation is generally not considered to be undue "where the specification provides 'guidance in selecting the operating parameters that would yield the claimed result.'" *PPG Industries, Inc. v. Guardian Industries Corp.*, 75 F.3d 1558, 1565 (Fed.Cir.1996). Furthermore, the reference "need not describe every last detail that would make the invention work." *Abbott Laboratories*, 969 F.Supp. at 1069. Rather, it "may omit principles well known to those of ordinary skill" so long as it describes "enough information to

allow one of ordinary skill in the art to make the invention work." *Id.*

The "clear and convincing" standard of proof required for such factual determinations is "an intermediate standard which lies somewhere between 'beyond a reasonable doubt' and a 'preponderance of the evidence.'" *Buildex Inc. v. Kason Industries, Inc.,* 849 F.2d 1461, 1463 (Fed.Cir. 1988) (quoting *Addington v. Texas,* 441 U.S. 418, 425, 99 S.Ct. 1804, 1809, 60 L.Ed.2d 323 (1979)). Proof by clear and convincing evidence places a heavy burden upon the party challenging a patent's legal presumption of validity, one which requires "evidence that produces an abiding conviction that the truth of a factual contention is *'highly probable'*" [emphasis added]. *TC Manuf. Co., Inc. v. Polyguard Products, Inc.,* 1999 WL 753932, 1999 U.S. Dist. Lexis 14730, 6 (N.D.ILL.1999) (citing *Buildex,* 849 F.2d at 1463); *see also Colorado v. New Mexico,* 467 U.S. 310, 316, 104 S.Ct. 2433, 2437–38, 81 L.Ed.2d 247 (1984).

In *TC Manuf. Co., Inc. v. Polyguard Products, Inc.,* the court denied summary judgment in an action to invalidate a patent for lack of enablement because it found plaintiff TC Manufacturing had "not presented clear and convincing evidence that the invention as claimed was impossible to make or carry out." *TC Manuf. Co., Inc.,* 1999 WL 753932, 1999 U.S. Dist. Lexis 14730 at 9. Specifically, TC Manufacturing argued that the specification failed to enable one skilled in the art to carry out the invention commensurate with the scope of the claimed subject matter because it did not "teach how to make a sealing material that is electrically non-shielding." *Id.* at 1999 WL 753932. In that case, defendant Polyguard responded by submitting an affidavit of one skilled in the art which stated "that by following the claimed methods the resulting protective coating will be non-shielding." *Id.* The court found the difference of opinion by experts reflected that "a clear dispute exists between the parties as to the facts material to a proper determination in this case." *Id.*

Bunn–O–Matic cites *National Recovery Technologies,* 166 F.3d 1190 (Fed.Cir. 1999), for the proposition that "invalidity for enablement is a question of law." (D. Memo. in Support, 3). However, as discussed above, resolution of the legal question of invalidity for enablement rests on underlying factual determinations that must be proven by clear and convincing evidence by the party challenging the patent's legal presumption of validity.

■ This case involves the conflicting opinions of purported experts as to whether someone of ordinary skill in the art during the relevant period would know, from the language of the patent, how to build and use the claimed invention without undue experimentation. Bunn–O–Matic now asks this Court to find that, despite the conflicting opinions of expert witnesses, there is no genuine issue of material fact, and to rule as a matter of law that the '664 patent fails the enablement requirement of 35 U.S.C. § 112, ¶ 1. It asks too much. This is an issue for trial.

## IV. CONCLUSION

As with any motion for summary judgment, the Court must view the record in the light most favorable to the nonmoving party. Given this legal standard, the state of the case record, and the patent's legal presumption of validity it is inappropriate for the Court to rule Real's patent is invalid as a matter of law. In the face of conflicting expert opinion, whether the terms of the '664 patent would have enabled a person of ordinary skill in the art to make and use the invention as claimed presents questions for the trier of fact.

For the foregoing reasons, **Defendant's motion for summary judgment is denied.**